**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:14-cv-00085-TSC <br> ) The Honorable Tanya S. Chutkan <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

Having failed to file their challenge to a final rule concerning the accessibility of airport kiosks promulgated by the Department of Transportation ("the Department") in the proper court, and having further failed to bring their challenge within the statutorily proscribed timeframe, Plaintiffs now ask this Court to conclude that the final rule is not an "order" under the Federal Aviation Act's direct-review provision, 49 U.S.C. § 46110(a). In so doing, Plaintiffs ignore more than 30 years' worth of case law both in the D.C. Circuit and in other circuit courts clearly establishing that § 46110(a)'s reference to "order" includes final rules. Plaintiffs' constrained reading of the direct-review provision, furthermore, is contrary to the directives from these courts that § 46110(a) must be interpreted broadly and that the determinative factor as to whether a final action of the Department constitutes an order is the adequacy of the administrative record. Also without merit is Plaintiffs' request that the Court excuse its delay in filing and transfer

this case to the D.C. Circuit, because Plaintiffs have not demonstrated reasonable grounds for the Court to take such an action. Accordingly, the Court should grant the Department's Motion to Dismiss.

## ANALYSIS

The Federal Aviation Act requires that "a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . in whole or in part under [Part A of the Federal Aviation Act, 49 U.S.C. §§ 40101-46507] may apply for review of the order by filing a petition for review in the" D.C. Circuit Court or any other federal court of appeals. 49 U.S.C. § 46110(a). Such petitions must be filed no later than 60 days after the order is issued, unless "reasonable grounds" are shown for the delay. *Id*. Plaintiffs do not dispute that the final rule at issue in this case was issued in whole or in part under the Federal Aviation Act, but instead seek to overcome their failure to file this action in the proper court by insisting that the final rule is not an "order" for purposes of § 46110(a). In the alternative, Plaintiffs ask that this Court overlook their failure to meet the statutory deadline for filing an action and transfer this case to the D.C. Circuit. For the reasons that follow, the Court should reject both of these arguments.

### A.     The final rule is an "order" under § 46110(a)

The D.C. Circuit has consistently treated final rules of the Department as "orders" under § 46110(a). In *National Air Transportation Association v. McArtor*, for instance, the court concluded that, under the predecessor to § 46110(a) [§ 1486(a)], the 60-day statute of limitations for challenges to orders of the Secretary applied with equal force to attacks on rules promulgated by the Department. 866 F.2d 483, 484-85 (D.C. Cir. 1989). The court has also explicitly relied upon § 46110(a) or its predecessor to exercise

jurisdiction over challenges to final rules brought in the circuit court in the first instance. *See U.S. Air Tour Ass'n v. FAA*, 298 F.3d 997 (D.C. Cir. 2002) ("The Trust filed its petition for review [of a DOT final rule] pursuant to 49 U.S.C. § 46110(a), which authorizes review in this circuit of certain final 'order[s] issued by the . . . Administrator of the Federal Aviation Administration.'"); *Paralyzed Veterans of Am. v. Civil Aeronautics Bd.*, 752 F.2d 694, 705 n.82 (D.C. Cir. 1985) (noting that "[j]urisdiction in this case [challenging regulations implementing the Rehabilitation Act of 1973] is provided by 49 U.S.C. § 1486(a) (1976)"and noting that "we grant review in this case pursuant to 49 U.S.C. § 1486(a)"), *rev'd on other grounds sub nom. DOT v. Paralyzed Veterans of Am.*, 477 U.S. 597 (1986).  And the D.C. Circuit has heard initial petitions for review of DOT regulations on multiple other occasions.  *See Helicopter Ass'n Intern., Inc. v. FAA*, 722 F.3d 430, 431 (D.C. Cir. 2013) (challenge to FAA rule mandating the use of a particular route for helicopter pilots flying over Long Island); *Spirit Airlines, Inc. v. DOT*, 687 F.3d 403, 408 (D.C. Cir. 2012) (challenge to final rule enhancing certain protections for airline passengers); *Sabre, Inc. v. DOT*, 429 F.3d 1113, 1115 (D.C. Cir. 2005) (challenge to DOT final rule stating that an independent computer reservation system not owned by an air carrier is a "ticket agent" as defined by the Federal Aviation Act).  Although the court did not directly engage in a jurisdictional analysis in *Helicopter Association*, *Spirit Airlines*, or *Sabre*, the parties in all three cases specifically referenced § 46110(a) in their briefs as requiring initial review in the court of appeals,[1] thereby

---

[1] *See* Initial Brief for Petitioner at 1, *Helicopter Ass'n Intern., Inc. v. FAA*, 722 F.3d 430 (D.C. Cir. 2013) (No. 12-1335), 2012 WL 6018780 at *1 ("This Court's jurisdiction rests on 49 U.S.C. § 46110, which provides for judicial review in this Court of orders issued by the Secretary of Transportation or the FAA Administrator."); Initial Brief for Respondent at 1, *Helicopter Ass'n Intern., Inc. v. FAA*, 722 F.3d 430 (D.C. Cir. 2013)

suggesting that, at a minimum, the D.C. Circuit implicitly agreed with their construction of the word "order" to include final rules.

Other circuit courts have likewise held that § 46110(a) vests exclusive jurisdiction over challenges to the Department's final rules in the appellate court.  Indeed, the Seventh Circuit rejected the exact argument being made here by Plaintiffs concerning the scope of the word "order," calling it an "attempt to skirt the exclusive language" of the direct-review provision.  *Sima Prods. Corp. v. McLucas*, 612 F.2d 309, 312 (7th Cir. 1980).  The court instead adopted a "liberal construction of [the word] 'order,'" concluding that "FAA actions which are the product of informal rulemaking . . . may be reviewed by courts of appeals, providing [sic] an adequate administrative record has been compiled by the agency."  *Id*.   In reaching this conclusion, the court specifically noted that "the District of Columbia Circuit Court has construed 'order' for purposes of special review statutes expansively, to permit direct review of regulations promulgated through informal notice-and-comment rulemaking, such as in this case."  *Id*. at 313 (citing cases); *see also Nw. Airlines, Inc. v. Goldschmidt*, 645 F.2d 1309, 1313 (8th Cir. 1981) (same) (citing *Sima Prods.*, 612 F.2d at 313).

In the face of this overwhelming weight of authority, Plaintiffs rely on two out-of-circuit district court cases, neither of which should affect the Court's analysis here.

---

(No. 12-1335), 2013 WL 139742 at *1 ("A final rule of the FAA is treated as a final 'order' within the meaning of 49 U.S.C. § 46110(a). . . . This Court has jurisdiction under 49 U.S.C. § 46110(a)."); Brief for Respondent at 1, *Spirit Airlines, Inc. v. DOT*, 687 F.3d 403 (D.C. Cir. 2012) (Nos. 11-1219, 11-1222), 2011 WL 6853525 at *1 ("This Court has jurisdiction under 49 U.S.C. § 46110(a)."); Final Brief for Petitioner at 4, *Sabre, Inc. v. DOT*, 429 F.3d 1113 (D.C. Cir. 2005) (No. 04-1073), 2005 WL 1976800 at *4 (". . . Sabre timely filed a petition for review of the Final Rule pursuant to 49 U.S.C. § 46110 . . . ."); Brief for Respondent at 1, *Sabre, Inc. v. DOT*, 429 F.3d 1113 (D.C. Cir. 2005) (No. 04-1073), 2005 WL 1976800 at *1 (noting that Sabre seeks review under 49 U.S.C. § 46110).

Plaintiffs' best case is an unpublished decision from the District of Massachusetts in which the court stated in a footnote that the APA definition of "orders," which excludes rulemaking, governs the construction of § 46110(a).  *See Harrington v. Delta Airlines, Inc.*, No. Civ.A. 04-12558-NMG, 2006 WL 1581752, at *7 n.4 (D. Mass. Feb. 21, 2006). The court engaged in no analysis nor cited any authority in support of its conclusion. *Id*. Plaintiffs' citation to *Griggs v. LaHood*, 770 F. Supp. 2d 548 (E.D.N.Y. 2011) is similarly without merit, for that case did not involve a challenge to a final rule and the statement relied upon by Plaintiffs was mere dicta that was not dispositive to resolution of the case.  *Id*. at 553.  Tellingly, Plaintiffs cannot point to any case in this jurisdiction adopting their definition of "order" in § 46110(a) as excluding final rules.

Plaintiffs' assertion that the words "order" and "rule" are non-overlapping terms used distinctly throughout the Federal Aviation Act, *see* Pls.' Opp. to Defs.' Mot. to Dismiss for Lack of Jurisdiction and Req. for a Hr'g ("Pls.' Opp."), ECF No. 15, at 7-8, is likewise without merit.  As Plaintiffs themselves recognize, this argument is undermined by the D.C. Circuit's holding that the word "order" is not to be construed consistently across the Act and should be construed especially broadly in § 46110(a) because of that provision's "function in providing for judicial review."[2]  *Avia Dynamics, Inc. v. FAA*, 641 F.3d 515, 520 (D.C. Cir. 2011); *see also City of Dania Beach v. FAA*, 485 F.3d 1181, 1187 (D.C. Cir. 2007) (noting that "the term 'order' in *this provision* [§ 46110(a)] should be read 'expansively'" (emphasis added) (citations omitted)).  Plaintiffs

---

[2] Plaintiffs contend that *Avia Dynamics* supports their reading of § 46110(a) because the court's broad reading of "order" did not "render another term in the statute meaningless" and because it provided "an avenue of judicial relief that otherwise would not otherwise exist." Pls.' Opp. at 8 n.3.  But neither *Avia Dynamics* nor any other D. C. Circuit case stands for the proposition that § 46110(a)'s reference to "order" is to be read broadly but only in order to include less formal agency actions and to exclude final rules.

5

also encourage this Court to borrow the definition of "order" from the Administrative Procedure Act ("APA"), which defines the word as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rulemaking but including licensing."[3]  5 U.S.C. § 551(6). Courts, however, have resisted such efforts to be overly formalistic and apply labels to the Department's actions, because "it would be quite easy to become mired in tautological debate when considering the extent of jurisdiction under [§ 46110(a)]." *See San Diego Air Sports Ctr. v. FAA*, 887 F.2d 966, 968 (9th Cir. 1989).  Rather than limiting the language of the direct-review provision to a "narrow, technical reading," these courts have held that § 46110(a) is "to be interpreted expansively" and that they have jurisdiction over "final agency actions." *Id*. (citing *Sima Prods.Corp.*, 612 F.2d at 313).  This Court should likewise decline Plaintiffs' invitation to import a more rigid definition of "order" from the APA, particularly where, as here, doing so would be in direct conflict with binding precedent.  *See City of Rochester v. Bond*, 603 F.2d 927, 933

---

[3] Citing *Watts v. SEC*, 482 F.3d 501 (D.C. Cir. 2007), Plaintiffs suggest that the Court must only look to the APA definition of "order" in construing § 46110(a).  Pls.' Opp at 1-2, 5-6.  This assertion is incorrect for several reasons.  First, it ignores the multiple occasions on which the D.C. Circuit has exercised jurisdiction over initial challenges to final rules of the Department pursuant to § 46110(a).  This Court is bound by those cases. Second, the court in *Watts* was examining the language of the direct-review provision in the Securities and Exchange Act, not § 46110(a).  *See id*. at 505.  Unlike in this case, the court was thus not bound by prior cases having already established that a final rule constitutes an order for purposes of the direct-review provision in the statute.

     *Safe Extensions v. FAA*, 509 F.3d 593 (D.C. Cir. 2007) also does not support Plaintiffs' position.  There, the court referenced the APA definition of "order" in construing § 46110(a), but it did not do so, as Plaintiffs insinuate, in order to determine whether a final rule should be included within its scope.  Instead, the court was examining the separate question of whether a FAA advisory circular establishing testing requirements was "final" such that it could be deemed an order.  *Id*. at 598.  The court's analysis was therefore wholly distinct from the question of whether § 46110(a)'s reference to "order" includes final rules.  *See id*.

n.26 (D.C. Cir. 1979) (observing that "courts sometimes have construed 'order' for purposes of special review statutes more expansively than its definition in the APA, notably to permit direct review of regulations promulgated through informal notice-and-comment rulemaking" (citing cases)).

Plaintiffs' argument further ignores case law teaching that the use of the word "order" in jurisdictional statutes is broadly defined to include "*any agency action* capable of review on the basis of the administrative record." *Inv. Co. Inst.*, 551 F.2d at 1277-78 (emphasis added) (citation omitted). These cases recognize that the key factors in construing § 46110(a) are whether there is a final agency action and the availability of an administrative record. *See, e.g.*, *id.* (observing that "the availability of a record for review . . . is now the jurisdictional touchstone"); *Safe Extensions v. FAA*, 509 F.3d 593, 599 (D.C. Cir. 2007) (noting that "our recent cases regarding whether agency actions qualify as orders" focus on "whether the action was final"); *Sima Prods., Inc.*, 612 F.2d at 313 ("construing 'order' [in the predecessor to § 46110(a)] to mean any agency action capable of review on the basis of the administrative record"). Plaintiffs' efforts to impose a more formalistic definition of "order" here run contrary to this case law.

As described in Defendants' original motion, *see* Defs.' Mot. to Dismiss, ECF No. 13, at 6-7, Plaintiffs' challenges—which are brought under the APA, contest a final rule of the Department, and concern only legal issues—are precisely the type of claims that should be resolved on the basis of an administrative record. Notably, Plaintiffs do not dispute this characterization of their case, nor do Plaintiffs claim that there are any factual disputes to resolve. Thus, not only does § 46110(a) dictate that Plaintiffs' action be brought in a court of appeals, but review in an appellate court would be both more

practical and more efficient. *See Sima Prods.*, 612 F.2d at 313 ("[T]he purposes of special review statutes [—] coherence and economy [—] are best served if courts of appeals exercise their exclusive jurisdiction over final agency actions.").

**B.      Plaintiffs' claims should not be transferred to the D.C. Circuit because Plaintiffs have not demonstrated "reasonable grounds" for their late filing**

Plaintiffs request that, in the event the Court determines that it lacks jurisdiction, it transfer the case to the D.C. Circuit pursuant to 28 U.S.C. § 1631. As explained in the Department's motion, *see* Mot. to Dismiss, at 10 n.3, Plaintiffs filed their action in this case more than sixty days after the final rule was issued and are therefore time-barred from pursuing their claim at all. 49 U.S.C. § 46110(a) (requiring that petitions for review of orders issued under the Federal Aviation Act "be filed not later than 60 days after the order is issued"). Although it is true, as Plaintiffs note, that the 60-day limitations period "does not constitute a jurisdictional bar," *see Avia Dynamics*, 641 F.3d at 519, a party seeking to file a tardy petition must demonstrate that there are "reasonable grounds" for doing so, 49 U.S.C. § 46110(a). This Plaintiffs have failed to do.

Plaintiffs first contend that their untimeliness should be forgiven because they "reasonably believed that their cause was properly before this Court." Pls.' Opp. at 10. But "filing in the wrong court is not a reasonable ground for delay." *See Americopters, LLC v. FAA*, 441 F.3d 726, 734 (9th Cir. 2006) (dismissing, as time-barred by § 46110(a), challenges to final orders of FAA originally brought in the district court). Plaintiffs also suggest that the Department is somehow to blame for their tardiness because the final rule was not explicitly labeled as an "order" under § 46110(a). Pls.' Opp. at 10-11. But even assuming that this fact somehow could be seen as a statement by the Department that the term "order" should not be seen as applying to what is an order

as a matter of law, Plaintiffs' argument would have to be rejected.  Reliance on the government's characterizations of its actions would not excuse a petitioner's failure to meet the 60-day deadline.  *See Sierra Club v. Skinner*, 885 F.2d 591, 593 (9th Cir. 1989) (rejecting argument that FAA's statement that designation of a military area was not an "order" constituted reasonable grounds for delay because "adequate research should have revealed that the existence of a reviewable administrative record, not the FAA's own characterization of its action, is determinative of whether the action is an 'order'").  Both of these points are especially compelling where, as here, the governing case law clearly establishes that petitions for review of the Department's final rules must be brought in the circuit court.  For these reasons, Plaintiffs have failed to demonstrate reasonable grounds for their untimely filing and, as such, their request to transfer the case to the D.C. Circuit should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the Department's Motion to Dismiss.

Dated:  June 30, 2014					Respectfully submitted,

STUART DELERY
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

JUDRY L. SUBAR
Assistant Branch Director,
Federal Programs Branch

*s/Nathan Swinton*
NATHAN SWINTON (NY Bar)

Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
Telephone: (202) 305-7667
Fax: (202) 616-8470
Nathan.M.Swinton@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2014, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Plaintiffs' counsel of record.

*s/Nathan Swinton*
NATHAN SWINTON