UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL FEDERATION OF THE BLIND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 14-cv-85 (TSC) |
| U.S. DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION**

Plaintiffs National Federation of the Blind, Marc Maurer, and Anil Lewis (collectively, "Plaintiffs") brought this action challenging the Department of Transportation's ("DOT") regulations on the accessibility of automated airport kiosks. *See* Nondiscrimination on the Basis of Disability in Air Travel: Accessibility of Web Sites and Automated Kiosks at U.S. Airports, 78 Fed. Reg. 67,882 (Nov. 12, 2013) (the "Final Rule"). Plaintiffs claim that DOT did not have statutory authority to promulgate the Final Rule; that even if DOT did have such authority, it relied on improper evidence (the airlines' costs of compliance) in promulgating the Final Rule; that DOT failed to properly consider other factors in its analysis; and that DOT improperly relied on information that it did not disclose until the Final Rule was announced. (Compl. ¶¶ 32-78). DOT moves to dismiss the Complaint because it alleges that Congress vested courts of appeals with exclusive jurisdiction to review DOT orders, including the Final Rule, under 49 U.S.C. § 46110. Because the Final Rule is the type of agency action which qualifies as an "order" under section 46110 pursuant to binding D.C. Circuit precedent, this Court lacks jurisdiction over

1

Plaintiffs' claims. However, the Court will not dismiss this action, but will instead transfer it to the D.C. Circuit.

## I.    BACKGROUND

Automated airline kiosks "allow[] travelers to access information about flights, check in for flights, print tickets and boarding passes, select seats, upgrade to business or first class cabins, check baggage, and perform other transactions relevant to their air travel plans." (Compl. ¶ 20). Automated kiosks have been in widespread use in airports since 1995, and in 2004 DOT began considering the accessibility of these kiosks to those with mobility or vision impairments. (*Id.* at ¶¶ 18, 22). In 2011, DOT issued a supplemental notice of proposed rulemaking to specifically address airline website and kiosk accessibility. (*Id.* at ¶ 24). The proposed rule would have required all new kiosk orders initiated 60 days after the rule's effective date to be accessible. (*Id.* at ¶ 25). DOT received 84 comments to its proposed rulemaking, and issued the Final Rule approximately two years after its initial proposal. (*Id.* at ¶ 28). The Final Rule extended the deadline for new orders compliance from 60 days to 36 months, and reduced the percentage of accessible kiosks required from 100 percent to 25 percent, giving the airlines ten years to reach this threshold. (*Id.* at ¶ 29). Plaintiffs filed the Complaint challenging these changes as inadequate and contrary to law, and Defendants now move to dismiss.

## II.    LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citation omitted). "Limits on subject-matter jurisdiction 'keep the federal courts within the bounds the Constitution and Congress have prescribed,' and those limits 'must be policed by the courts on their own initiative.'" *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (quoting *Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  This is particularly true in the agency review context, where "Congress is free to choose the court in which judicial review of agency decisions may occur."  *Am. Petroleum Inst. v. SEC*, 714 F.3d 1329, 1332 (D.C. Cir. 2013) (internal quotation marks omitted).  In the D.C. Circuit, "the normal default rule is that persons seeking review of agency action go first to district court rather than to a court of appeals . . . [unless] a direct-review statute specifically gives the court of appeals subject-matter jurisdiction to directly review agency action." *Id.* (internal quotation marks omitted).

In evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'"  *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States,* 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).  The court "is not limited to the allegations of the complaint."  *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).  Courts may raise issues of subject matter jurisdiction *sua sponte*, regardless of whether the

parties contest the court's jurisdiction. *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008).

### III. DISCUSSION

    a. <u>49 U.S.C. § 46110</u>

Section 46110(a) is a direct-review statute which vests exclusive jurisdiction[1] in the courts of appeals for review of certain agency actions—primarily actions by the DOT or the Federal Aviation Administration. The statute reads (in relevant part):

> **(a) Filing and venue** . . . a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.[2]

49 U.S.C. § 46110(a). Defendants' motion to dismiss turns on the meaning of the word "order" in the statute, specifically whether rules and regulations (like the Final Rule) qualify as orders under section 46110.

The D.C. Circuit has addressed the meaning of the term "order" in direct-review statutes, including section 46110. In *Inv. Co. Inst. v. Bd. of Governors of Fed. Reserve Sys.*, 551 F.2d 1270 (D.C. Cir. 1977), the court held that "[a]lthough some courts persist in reading special review statutes covering 'orders' as not encompassing regulations, the general approach taken by *United Gas Pipe Line* is no longer good law in this circuit . . . this court [has] found jurisdiction

---

[1] *See* 49 U.S.C. § 46110(a) ("the [court of appeals] has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order").

[2] The statute also requires the order under review to have been issued pursuant to certain enumerated statutory authority. DOT argued that the Final Rule was issued pursuant to the statutory authority identified in section 46110(a) and Plaintiffs did not respond in their opposition. The issue is therefore treated as conceded, *see Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), and in any event the Court is persuaded that at least part of the regulation was promulgated pursuant to the authority identified in section 46110(a). *See Cmtys. Against Runway Expansion, Inc. v. FAA*, 355 F.3d 678, 684 (D.C. Cir. 2004) ("When an agency decision has two distinct bases, one of which provides for exclusive jurisdiction in the courts of appeals, the entire decision is reviewable exclusively in the appellate court") (quoting *Suburban O'Hare Comm'n v. Dole*, 787 F.2d 186, 192–93 (7th Cir. 1986)); *Shell Oil Co. v. FERC*, 47 F.3d 1186, 1195 (D.C. Cir. 1995).

to review informal rulemaking under statutes providing for review of 'orders' in the courts of appeals[.]" *Id.* at 1276-77 (citation omitted).  More recently, the D.C. Circuit has explained that it is not necessarily the type of agency action that controls for 46110 purposes, but the nature of the action:

> "the term 'order' in this provision should be read 'expansively.'  A reviewable order under 49 U.S.C. § 46110(a) 'must possess the quintessential feature of agency decisionmaking suitable for judicial review: finality.'  To be deemed 'final,' an order must mark the 'consummation' of the agency's decisionmaking process, and must determine 'rights or obligations' or give rise to 'legal consequences.'"

*City of Dania Beach v. FAA*, 485 F.3d 1181, 1187 (D.C. Cir. 2007) (citations omitted); *see also Village of Bensenville v. FAA*, 457 F.3d 52, 68 (D.C. Cir. 2006); *Sima Products Corp. v. McLucas*, 612 F.2d 309, 312 (7th Cir. 1980) ("By adopting a liberal construction of 'order,' FAA actions which are the product of informal rulemaking, such as in this case, may be reviewed by courts of appeals") (applying predecessor to section 46110).

Consistent with these decisions, the D.C. Circuit has repeatedly (either explicitly or implicitly) asserted jurisdiction to directly review rules and regulations, in addition to more traditional "orders," under section 46110.  *See U.S. Air Tour Ass'n v. FAA*, 298 F.3d 997, 1012 (D.C. Cir. 2002) ("The Trust filed its petition for review pursuant to 49 U.S.C. § 46110(a), which authorizes review in this circuit of certain final 'order[s] issued by the . . . Administrator of the Federal Aviation Administration.'  The FAA does not dispute that the Limitations Rule is a final order reviewable under that section") (footnote omitted); *Paralyzed Veterans of Am. v. Civil Aeronautics Board*, 752 F.2d 694, 705 (D.C. Cir. 1985), *rev'd sub nom. on other grounds U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597 (1986) ("Jurisdiction in this case [challenging Civil Aeronautics Board Final Rule] is provided by 49 U.S.C. § 1486(a) [predecessor to 46110]"); *Helicopter Ass'n Int'l, Inc. v. FAA*, 722 F.3d 430, 431 (D.C. Cir. 2013)

(challenging FAA authority to issue rule); *Spirit Airlines, Inc. v. U.S. Dep't of Transp.*, 687 F.3d 403, 408 (D.C. Cir. 2012) (challenging DOT rule); *Sabre, Inc. v. U.S. Dep't of Transp.*, 429 F.3d 1113, 1115 (D.C. Cir. 2005) (same); *Air Transp. Ass'n of Canada v. FAA*, 323 F.3d 1093, 1094 (D.C. Cir. 2003) (challenging FAA regulation); *Cronin v. FAA*, 73 F.3d 1126, 1128 (D.C. Cir. 1996) (challenging DOT and FAA regulations); *Nat'l Air Transp. Ass'n v. McArtor*, 866 F.2d 483, 484 (D.C. Cir. 1989) (challenging FAA regulations).

Plaintiffs do not dispute that the Final Rule is both final and that it gives rise to legal consequences. Under the test set forth in *City of Dania Beach* and similar cases, the Final Rule clearly falls within the scope of section 46110 and can only be challenged in the courts of appeals.

In order to avoid this seemingly straightforward application of D.C. Circuit precedent, Plaintiffs rely on a parallel line of D.C. Circuit cases which arguably apply a different standard when evaluating what qualifies as an "order" under section 46110 and similar direct-review statutes. In that line of cases, the D.C. Circuit has held that where a direct-review statute does not contain a definition of order (section 46110 does not), "[w]e therefore look to the Administrative Procedure Act, as we have done before when an agency's direct-review statute did not define 'order.'" *Watts*, 482 F.3d at 505; *see also SecurityPoint Holdings, Inc., v. TSA*, 769 F.3d 1184, 1187 (D.C. Cir. 2014) ("We have understood 'order' in § 46110(a) to mean an order as defined in the Administrative Procedure Act"); *Safe Extensions, Inc. v. FAA*, 509 F.3d 593, 598 (D.C. Cir. 2007) (citing the APA definition of "order" in the section 46110 context). The APA defines "order" as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter **other than rule making** but including licensing." 5 U.S.C. § 551(6) (emphasis added). These cases suggest that the term

6

"order" in section 46110 is necessarily defined by the APA. Under the APA, rulemaking is specifically excluded from the definition of order, meaning section 46110 could not be read to include rules or regulations promulgated pursuant to rulemaking (like the Final Rule in this case). Under this interpretation, Plaintiffs could be correct that the Final Rule is not directly reviewable in the courts of appeals, but instead must be challenged in district court.

While these two lines of cases appear to be in conflict, a close reading reveals that the APA cases do not address whether a regulation can be an "order" under direct-review statutes, but instead use the APA definition of "order" for an entirely different purpose. The courts in *Watts*, *Safe Extensions*, and *SecurityPoint Holdings* do not analyze the "other than rule making" language, and do not discuss what impact that language may have on the scope of direct-review statutes. Instead, those courts imported the APA definition of "order" to ensure the agency action at issue was sufficiently final, since under the APA an "order" must be "the whole or a part of a final disposition." For example, in *Watts* the petitioner sought review of a decision by the SEC to prevent three SEC employees from complying with subpoenas to testify in a civil case. Watts challenged the SEC's actions in the court of appeals under a direct-review statute similar to section 46110. The D.C. Circuit applied the APA definition of "order" to that statute, but whether or not the agency action was a rulemaking was irrelevant to its analysis—its decision instead hinged on whether the SEC's response to the third-party subpoenas was a "final disposition" under the APA. *Watts*, 482 F.3d at 506. The court in *Safe Extensions* similarly considered the "final disposition" aspect of the APA definition, not whether the agency action was one "other than rule making." 509 F.3d at 598. The court in *SecurityPoint Holdings* also did not rely on the "other than rule making" language in its analysis; it summarily mentioned the

APA definition of "order" to confirm that the agency action was sufficiently final to give the court jurisdiction. 769 F.3d at 1187.

      Absent any direct indication by the D.C. Circuit or the Supreme Court, this Court will not assume the D.C. Circuit meant to overrule its decisions regarding the scope of section 46110 merely by referencing the APA definition of "order" in a minority of cases. This is true even where that APA definition creates some tension with the majority of cases interpreting direct-review statutes. Plaintiffs have not cited a single instance in which the D.C. Circuit has denied direct review of a rule or regulation based on the definition of "order" in the APA. In fact, the D.C. Circuit has specifically explained that "courts sometimes have construed 'order' for purposes of special review statutes more expansively than its definition in the APA, notably to permit direct review of regulations promulgated through informal notice-and-comment rulemaking." *City of Rochester v. Bond*, 603 F.2d 927, 933 (D.C. Cir. 1979). As the cases cited above show, the D.C. Circuit has repeatedly reviewed rules and regulations pursuant to section 46110. To hold that section 46110 categorically excludes rules and regulations would suggest that the D.C. Circuit routinely reviews agency action under section 46110 when it does not have jurisdiction to do so. The Court will not ascribe such intent to the Circuit absent compelling evidence, which the Plaintiffs have not presented here.

      b. <u>Statutory Scheme Surrounding Section 46110</u>

Plaintiffs point out that interpreting section 46110 as covering rules and regulations would create an additional contradiction. Plaintiffs correctly identify a distinction between "orders" and "regulations" in the statutory scheme surrounding section 46110 (Chapter 461 of Title 49 of the U.S. Code), which repeatedly differentiates between orders and regulations, suggesting they cannot be the same thing. For example, section 46105(a) discusses "a regulation

prescribed or order issued." Section 46105(c) states that the Administrator of the FAA "may prescribe regulations and issue orders" in emergency situations. Section 46106 grants the Secretary of Transportation the authority to bring civil actions to enforce "this part or a requirement or regulation prescribed, or an order or any term of a certification or permit issued, under this part." According to Plaintiffs, these examples show that "order" cannot include regulations because statutory terms are "clarified by the remainder of the statutory scheme— because the same terminology is used elsewhere in a context that makes [their] meaning clear, or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." (Pls.' Opp'n 7-8 (quoting *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371 (1988)).

The D.C. Circuit has specifically noted this distinction and explained the apparent inconsistency: "[w]e have broadly construed the word 'order' as used in section 46110(a) because of its function in providing for judicial review. Thus, we recently held that 'order' in section 46110(a) 'should be read expansively' but limited our construction to '*this provision*'— referring to section 46110(a) only." *Avia Dynamics, Inc. v. FAA*, 641 F.3d 515, 520 (D.C. Cir. 2011) (emphasis in original). In *Avia,* the Court considered the agency action before it an "order" for purposes of the direct-review statute, but not an order for purposes of other provisions in the statutory scheme. It follows that the Final Rule may be considered an order under section 46110, but not an order under other sections.

Judge Howell recently analyzed the circumstances under which "order" may be construed to include rules and regulations in direct-review statutes in *New York Republican State Comm. v. SEC*, No. 14-01345, 2014 WL 4852030 (D.D.C. Sept. 30, 2014). In that case, plaintiffs challenged an SEC rule prohibiting advisers from providing investment services to government

9

entities under certain circumstances.  The SEC moved to dismiss the complaint for lack of jurisdiction, asserting that the case could only be brought in the D.C. Circuit pursuant to Section 213 of the Investment Advisers Act, which provides that "[a]ny person or party aggrieved by an order issued by the Commission under this subchapter may obtain a review of such order . . . in the United States Court of Appeals for the District of Columbia." *Id.* at *6 (emphasis and internal quotation marks omitted) (citing 15 U.S.C. § 80b–13(a)).  As in this action, there jurisdiction "hinge[d] on the interpretation of the word 'order' in 15 U.S.C. § 80b–13(a) and whether it encompasses rules." *Id.*  The court noted that *Investment Company Institute* specifically held that the term "order" encompasses rules for purposes of direct-review, and that the D.C. Circuit had directly reviewed rules and regulations pursuant to the Investment Advisors Act and similar acts without discussion. *Id.*  The court discussed the "multiple difficulties" created by construing the statute this way, including that in normal administrative law, a rule is not an order and vice versa; that regulations are differentiated from orders in other parts of the Investment Advisers Act; and that the D.C. Circuit in *Watts* seemed to contradict its prior holdings by using the APA definition of order, which excludes rulemaking from its scope. *Id.* at *7-8.  In Judge Howell's well-reasoned opinion, "[t]he Court is cognizant that the holding of *Investment Company Institute* produces curious results but that case remains binding precedent in this Circuit and on this Court." *Id.* at *10.  This Court similarly recognizes that Plaintiffs' arguments are not without some merit, but ultimately binding precedent dictates that final rules can be orders for purposes of section 46110.[3]

---

[3] Plaintiffs cite *Dep't of Homeland Security v. MacLean*, 574 U.S. __ (2015) as further support.  In *MacLean*, the Supreme Court held that a regulation prohibiting disclosure of "sensitive security information" was not a "law" within the meaning of a whistleblower statute which protects disclosures of "any violation of any law, rule, or regulation" except those "specifically prohibited by law."  The Court held that given the distinction between "law" and "law, rule, or regulation" in the same sentence of the relevant provision, as well as the numerous uses of "law, rule, or regulation" (rather than "law") elsewhere in the same statutory section, Congress could not have intended "specifically prohibited by law" to include regulations.  The Court appreciates Plaintiffs' reliance on *MacLean* for

      c.   Transfer or Dismissal

If a federal district court finds that it lacks subject matter jurisdiction, the court "only has the authority to make a single decision: to dismiss the case, or in the interest of justice, to transfer it to another court" pursuant to 28 U.S.C. § 1631. *Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 112-13 (D.D.C. 2011) (internal quotation marks and alterations omitted). Although the Court agrees with DOT that under section 46110 this court does not have jurisdiction over Plaintiffs' claims, the Court will not grant DOT's motion to dismiss. Instead, the Court will transfer the case to the U.S. Court of Appeals for the District of Columbia Circuit.

The transfer statute dictates that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]

28 U.S.C. § 1631. DOT argues that the case cannot be transferred because it "'could [not] have been brought at the time it was filed.'" (Def. Mot. 10) (citing 28 U.S.C. § 1631). Specifically, DOT claims that Plaintiffs did not timely file their Complaint pursuant to section 46110. *Id.* at 10-11. Under section 46110(a), a petition for review of an order "must be filed not later than 60 days after the order is issued." The Final Rule was issued on November 12, 2013, and Plaintiffs filed suit in this court on January 22, 2014—more than 60 days later. Therefore, according to DOT the case could not have been brought in the D.C. Circuit at the time it was filed—a requirement of the transfer statute.

---

general statutory construction purposes; however, *MacLean* did not discuss or reference direct-review statutes, the special considerations inherent to their interpretation, or the meaning of the term "order" in section 46110 or otherwise. *MacLean* is therefore not dispositive in answering the specific question presented here.

11

Whether Plaintiffs' claims are timely is a question better suited for the D.C. Circuit to answer, and this Court is not barred from transferring Plaintiffs' case despite this open question. The D.C. Circuit has specifically explained that "we have never held that the *limitations portion* of section 46110(a)—set forth in the second and third sentences—is jurisdictional.  Bearing in mind that '[f]iling deadlines, statutory or not, are generally nonjurisdictional,' we hold that the sixty-day deadline here does not constitute a jurisdictional bar." *Avia Dynamics*, 641 F.3d at 518-19 (citation omitted).  This result is supported by the text of the statute, which states that the courts of appeals "may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day."  49 U.S.C. § 46110(a); *see also Safe Extensions*, 509 F.3d at 602–04 (finding "reasonable grounds" for excusing untimeliness); *Paralyzed Veterans of Am.*, 752 F.2d at 705 n.82 (same).  Given that the statute specifically authorizes the courts of appeals to accept late petitions, this Court cannot say that the action could not have been brought at the time it was filed—if the D.C. Circuit finds reasonable grounds for delay, then the case clearly "could have been brought" despite the 60-day requirement.  The Court also finds that the D.C. Circuit is the appropriate court to determine the timeliness issue given that section 46110 vests that court with exclusive jurisdiction to both hear petitions for review and determine timeliness.  *See Janvey v. Proskauer Rose, LLP*, No. 12-155, 2014 WL 3668578, at *4 (D.D.C. July 24, 2014) ("timeliness questions are most prudently resolved not by the transferor court, but by the transferee court") (citing cases).

Courts have found that transfer is "in the interest of justice" when, for example, dismissal would work a hardship on the plaintiff who would likely be time barred from refiling their action in the proper court, or when transfer is necessary "[b]ecause of the complexity of the federal court system and of special jurisdictional provisions."  *Prof'l Managers' Ass'n v. United States*,

761 F.2d 740, 745 (D.C. Cir. 1985).  There is no reason to force Plaintiffs in this case to refile their action in the D.C. Circuit, especially where it would only exacerbate the timeliness issue, and where they had at least a colorable argument for filing in this court in the first instance.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962); *Creed v. Nat'l Transp. Safety Bd.*, 758 F. Supp. 2d 1, 8 (D.D.C. 2010).  Accordingly, the Court finds that it serves the interests of justice to transfer this case to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1631 and 49 U.S.C. § 46110(a).

## IV.     CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is denied without prejudice and this action is transferred to the United States Court of Appeals for the District of Columbia Circuit.  An appropriate Order accompanies this Memorandum Opinion.

Date:  January 28, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge